MOORE, Chief Justice
(dissenting).
Because I would grant M.D.’s petition for a writ of certiorari, I respectfully dissent.
M.D., the father of C.C.W., was not living with the mother, S.W., when she gave birth to C.C.W. in early 2010. Several months later the maternal grandmother, E.C., and her husband, S.C., successfully petitioned the juvenile court for temporary custody, arguing that S.W. was leading a dissolute life and would leave C.C.W. with them for weeks at a time. M.D. intervened in the case. Proceedings took place involving C.C.W., which extended into 2013. During that time, M.D. and S.W. reunited, acquired employment and housing, and sought to recover custody of C.C.W. During this same period the grandmother, E.C., died. The trial court gave custody of C.C.W. to the stepgrand-parent, S.C., on the ground of dependency.
According to M.D.’s verified statement of facts, “S.C. ... stated that he had made no allegations of wrong doing against ... M.D.” M.D. also alleges that C.C.W. regularly visited with M.D. and S.W. after they were reunited and that both parents were working and had a home for C.C.W. M.D. argues that the juvenile court did not find him to be an unfit parent and that the child accordingly was not dependent, i.e., requiring protection from the State, as pertained to him. With dependency not an issue as to M.D., the proceeding, M.D. argues, was really one to determine custody. In that posture the natural parent’s right to custody should have prevailed against the competing claim of a step-grandparent.
“According to the United States Supreme Court, the right of parents to custody of their children ‘is perhaps the oldest of the fundamental liberty interests .... ’ Troxel v. Granville, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 *849 (2000). This fundamental liberty interest ‘does not evaporate simply because [parents] have not been model parents or have lost temporary custody of their child to the State.’ Santosky v. Kramer, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982).”
Ex parte J.W., 140 So.3d 457, 462 (Ala.2013) (Moore, C.J., dissenting).
Because the Court of Civil Appeals affirmed the custody award to the step-grandparent without an opinion, M.D. v. S.C. (No. 2130549, Sept. 12, 2013), — So.3d - (Ala.Civ.App.2013) (table), we have no facts before us to contradict M.D.’s prima facie case for custody. Thus, I would grant M.D.’s petition to discover if his fitness was tried by consent without objection, Rule 15(b), Ala. R. Civ. P., and, if so, whether the constitutional standard that must be met before M.D. could be deprived of custody was met. See J.L. v. W.E., 64 So.3d 631 (Ala.Civ.App.2010) (affirming a finding of dependency as to the mother but reversing the finding of dependency as to the father).